**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 0 8 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | NO. 1:10-CR-0097 |
| JEAN-DANIEL PERKINS, | : | FIRST SUPERSEDING |
| a/k/a Daniel Mathews, | : | ~~(UNDER SEAL)~~ |
| a/k/a LJ, | : | |
| TONI COMBS, and | : | |
| CHRISTOPHER TAYLOR, | : | |
| | : | |
| Defendants. | : | |

THE GRAND JURY CHARGES THAT:

### COUNT ONE
### (Bank Fraud Conspiracy)

1.   From on or about November 14, 2008, through on or about February 12, 2010, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, together and with others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, to violate Title 18, United States Code, Section 1344, that is, to execute and attempt to execute a scheme and artifice:

(a)   to defraud American Express, a financial institution the deposits for which were at that time insured by the Federal Deposit Insurance Corporation; and

(b)   to obtain and attempt to obtain moneys, funds, credits,

assets, and other properties owned by and under the custody and
control of American Express by means of material false and
fraudulent pretenses, representations, and promises, as well as by
omission of material facts.

Manner and Means

2.    American Express processes charges on behalf of merchants
that accept American Express charges.   The charges include
transactions using American Express cards, as well as transactions
using American Express account information only, such as online or
telephonic transactions.

3.    For a merchant to accept payments using American Express,
the merchant must open an account with American Express ("merchant
account").   Each merchant account has a unique account identifier
known as a "SE Number."  A merchant account serves as an agreement
between a merchant and American Express for the resolution of
American Express charges.

4.    The merchant may also provide American Express with a
bank account into which American Express can credit payments to the
merchant for American Express charges ("settlement account").
If the merchant fails to provide American Express with settlement
account information, American Express mails a check to the merchant
to cover the settlement of American Express charges.

5.   After a merchant accepts American Express charges as
payment for goods or services, the merchant submits the charge to

2

American Express for settlement of the charge pursuant to the terms of the merchant account agreement.  American Express then issues a credit for the amount of the charge to the merchant's designated settlement account or mails the merchant a check to cover the settlement of the charge.  This occurs before the charge is paid by the account holder of the American Express card.

6.    When American Express subsequently determines that an American Express charge is fraudulent, American Express may charge back the amount of the fraudulent charge to the merchant account. As a result, the charge back reduces the settlement amount American Express pays to cover the settlement of future charges submitted by the merchant.

7.    Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, set up or caused other co-conspirators to set up numerous fraudulent American Express merchant accounts.

8.    Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, obtained or caused other co-conspirators to obtain legitimate or invalid American Express card information.

9.    Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, made or caused other co-conspirators to make fraudulent American Express charges on the fraudulent merchant accounts he set up or caused other co-conspirators to set up, knowing and having reason to know that the charges were not for legitimate goods or services.    Furthermore, the fraudulent American Express charges

3

were made either using American Express account information without the knowledge or consent of the true account holder, or was not valid account information.

10.   For many of the fraudulent charges, American Express credited the amount of the charge to either the merchant's designated settlement account or mailed the merchant a check to cover settlement of the charge. The designated settlement accounts were under the control of Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, and the addresses to which the American Express checks were mailed were addresses used by Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, or others under his direction or control, to receive mail.   In other instances, American Express detected the fraud and either did not credit the amount of the charge to the merchant's designated settlement account or mail the merchant a check to cover settlement of the charge.

In violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH TWENTY-EIGHT
### (Bank Fraud)

11.   The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 10 of this Superseding Indictment as if fully set forth here.

12.   From on or about November 14, 2008, through on or about February 12, 2010, the exact dates being unknown to the Grand Jury,

4

in the Northern District of Georgia and elsewhere, Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, aided and abetted by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice:

(a) to defraud American Express, a financial institution the deposits for which were at that time insured by the Federal Deposit Insurance Corporation; and

(b) to obtain and attempt to obtain moneys, funds, credits, assets, and other properties owned by and under the custody and control of American Express by means of material false and fraudulent pretenses, representations, and promises, as well as by omission of material facts.

<u>Execution of the Scheme and Artifice</u>

13. On or about each date listed below (Column B), in the Northern District of Georgia and elsewhere, for the purpose of executing the scheme and artifice to defraud and to obtain money as set out in Count One of this Superseding Indictment, Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, aided and abetted by others known and unknown to the Grand Jury, made fraudulent charges (Column C) using American Express account information identified by the last six digits of the account number (Column F) on the merchant accounts identified by the last five digits of the SE Number (Column D) and merchant's initials (Column E).

5

| A | B | C | D | E | F |
|---|---|---|---|---|---|
| Count | Transaction Date | Charge Amount | SE Number (Last Five Digits) | Merchant Name (Initials) | Account Number (Last Six Digits) |
| 2 | 11/14/08 | $772.46 | 53542 | WAC | 981003 |
| 3 | 11/15/08 | $643.51 | 24128 | EASCI | 741019 |
| 4 | 11/16/08 | $733.84 | 24144 | RASI | 981021 |
| 5 | 3/28/09 | $989.44 | 72227 | EPM | 932001 |
| 6 | 4/1/09 | $941.38 | 73878 | IAAVL | 271000 |
| 7 | 4/18/09 | $893.29 | 98548 | WCL | 311016 |
| 8 | 4/19/09 | $912.37 | 98415 | ASAC | 661019 |
| 9 | 4/19/09 | $886.95 | 98340 | WM | 332004 |
| 10 | 4/20/09 | $933.94 | 64161 | IDSI | 901019 |
| 11 | 5/21/09 | $9,823.73 | 28797 | PROBS | 212012 |
| 12 | 5/23/09 | $4,283.83 | 29878 | PB | 651004 |
| 13 | 5/23/09 | $5,842.66 | 30108 | PTL | 574008 |
| 14 | 5/29/09 | $7,735.98 | 35651 | EFI | 872006 |
| 15 | 6/5/09 | $1,459.04 | 99401 | CoBS | 212003 |

| A | B | C | D | E | F |
|---|---|---|---|---|---|
| Count | Transaction Date | Charge Amount | SE Number (Last Five Digits) | Merchant Name (Initials) | Account Number (Last Six Digits) |
| 16 | 6/5/09 | $1,522.47 | 78296 | BPC | 544369 |
| 17 | 6/12/09 | $3,922.65 | 32740 | PEI | 951637 |
| 18 | 6/12/09 | $3,453.05 | 42954 | PE | 535982 |
| 19 | 6/26/09 | $1,329.74 | 57945 | TAI | 993385 |
| 20 | 6/26/09 | $1,422.74 | 57960 | TAI | 992601 |
| 21 | 7/3/09 | $892.38 | 63935 | PI | 134242 |
| 22 | 8/28/09 | $165,265.78 | 89997 | SCSS | 963009 |
| 23 | 8/28/09 | $127,832.67 | 90003 | SCP | 781001 |
| 24 | 8/28/09 | $128,867.45 | 90011 | SCP | 324000 |
| 25 | 8/28/09 | $93,748.48 | 90037 | SCOR | 391014 |
| 26 | 9/18/09 | $815.76 | 29629 | SU | 872002 |
| 27 | 1/1/10 | $7,878.53 | 14215 | EL | 051005 |
| 28 | 2/12/10 | $7,638.49 | 02779 | DDEI | 112006 |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWENTY-NINE
### (Bank Fraud Conspiracy)

14. From an unknown date, but at least by February 2009, through on or about February 26, 2010, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, Defendants JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, and TONI COMBS, together and with others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, to violate Title 18, United States Code, Section 1344, that is, to execute and attempt to execute a scheme and artifice:

(a) to defraud Suntrust Bank, a financial institution the deposits for which were at that time insured by the Federal Deposit Insurance Corporation; and

(b) to obtain and attempt to obtain moneys, funds, credits, assets, and other properties owned by and under the custody and control of Suntrust Bank by means of material false and fraudulent pretenses, representations, and promises, as well as by omission of material facts.

### Manner and Means

15. Suntrust provides some of its banking customers with access to Online Treasury Manager (OTM) or Online Cash Manager (OCM), which are secure internet-based tools that, among other things, allows account holders to access information from multiple

8

Suntrust accounts, perform transactions in a single application, and initiate the transfer of electronic funds from their Suntrust accounts. To gain access, an authorized representative of the account holder must apply for access to OTM or OCM and agree to the terms and conditions governing OTM's and OCM's use.

16. Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, obtained bank account information relating to existing Suntrust accounts without the knowledge and consent of the true account holders.

17. On several occasions, Defendant TONI COMBS, who was then a Suntrust employee, transferred sensitive Suntrust account information to Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ.

18. In addition to obtaining account information, on some occasions, Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, would obtain other identifying information relating to account holders, including through publicly available websites such as the Georgia Secretary of State's website and other means.

19. After obtaining account information relating to existing Suntrust accounts, and in some instances obtaining additional identifying information relating to the account holders, Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, intended to apply or cause other co-conspirators to apply for OTM or OCM access, and, at least on two instances, applied or caused other co-

9

conspirators to apply for OTM access, purporting to be an authorized representative of the account holders, but without the knowledge and consent of the true account holders.

20. After gaining OTM or OCM access, Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, intended to transfer or cause other co-conspirators to transfer, and, on at least one instance, transferred or caused other co-conspirators to transfer, electronic funds from victim bank accounts to other bank accounts under the control of Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, without the knowledge and consent of the true account holder.

In violation of Title 18, United States Code, Section 1349.

## COUNT THIRTY
### (Bank Fraud)

21. The Grand Jury re-alleges and incorporates by references Paragraphs 14 through 20 of this Superseding Indictment as if fully set forth here.

22. Beginning on an unknown date, but at least by on or about February 2009, through on or about August 2009, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, aided and abetted by others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice:

10

(a) to defraud Suntrust Bank, a financial institution the deposits for which were at that time insured by the Federal Deposit Insurance Corporation; and

(b) to obtain and attempt to obtain moneys, funds, credits, assets, and other properties owned by and under the custody and control of Suntrust Bank by means of material false and fraudulent pretenses, representations, and promises, as well as by omission of material facts.

### Execution of the Scheme and Artifice

23. Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, obtained account information relating to the existing Suntrust account holder with the initials "CC," a Georgia corporation, which at that time did not have access to OTM, without the knowledge and consent of the true account holder.

24. Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, also obtained other identifying information relating to CC, including through publicly available websites and other means.

25. Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, applied or caused others to apply for OTM access for CC while purporting to be the President of CC, an individual with the initials SDC, without the knowledge and consent of CC or SDC.

26. After gaining OTM access, Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, initiated or caused others to initiate, through OTM, electronic funds transfers of over

11

$3,000,000 from one of CC's Suntrust accounts to other bank accounts at Meta Bank and Suntrust under the control of Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, without the knowledge and consent of the true account holder.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THIRTY-ONE
### (Bank Fraud)

27.   The Grand Jury re-alleges and incorporates by references Paragraphs 14 through 26 of this Superseding Indictment as if fully set forth here.

28.   Beginning on or about September 23, 2009, through on or about October 2009, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, Defendants JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, and TONI COMBS, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly attempt to execute a scheme and artifice:

(a)   to defraud Suntrust Bank, a financial institution the deposits for which were at that time insured by the Federal Deposit Insurance Corporation; and

(b)   to obtain and attempt to obtain moneys, funds, credits, assets, and other properties owned by and under the custody and control of Suntrust Bank by means of material false and fraudulent

12

pretenses, representations, and promises, as well as by omission of
material facts.

Execution of the Scheme and Artifice

29.   Defendant TONI COMBS, while a Suntrust employee, accessed
sensitive Suntrust account information for a company with the
initials FHA, a Georgia corporation.    Defendant TONI COMBS
subsequently transferred that information to Defendant JEAN-DANIEL
PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ.

30.   The sensitive Suntrust account information that Defendant
TONI COMBS transferred to Defendant JEAN-DANIEL PERKINS, a/k/a
DANIEL MATHEWS a/k/a LJ, included account numbers for accounts held
by FHA, as well as FHA's name, tax identification number,
addresses, and telephone numbers.

31.   Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a
LJ, applied or caused others to apply for OTM access for FHA while
purporting to be the President of FHA (an individual with the
initials WRA).

32.   While purporting to be WRA, Defendant JEAN-DANIEL
PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, sent or caused others to
send to Suntrust by facsimile an executed Treasury Management
Master Agreement governing the terms and conditions of OTM access
for FHA.

33.   After gaining OTM access, Defendant JEAN-DANIEL PERKINS,
a/k/a DANIEL MATHEWS a/k/a LJ, intended to transfer or cause others

13

to transfer electronic funds from FHA Suntrust bank account(s) to other bank account(s) under his control, without the knowledge and consent of the true account holder.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THIRTY-TWO
### (Bank Fraud)

34. The Grand Jury re-alleges and incorporates by references Paragraphs 14 through 33 of this Superseding Indictment as if fully set forth here.

35. Beginning on a date unknown to the Grand Jury, but at least by on or about September 29, 2009, through on or about February 26, 2010, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, Defendants JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, and TONI COMBS, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly attempt to execute a scheme and artifice:

(a)  to defraud Suntrust Bank, a financial institution the deposits for which were at that time insured by the Federal Deposit Insurance Corporation; and

(b)  to obtain and attempt to obtain moneys, funds, credits, assets, and other properties owned by and under the custody and control of Suntrust Bank by means of material false and fraudulent

14

In violation of Title 18, United States Code, Sections 1344 and 2.

### COUNT THIRTY-THREE
**(Access Device Fraud)**

39. On or about February 26, 2010, in the Northern District of Georgia, Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, and Defendant CHRISTOPHER TAYLOR, aided and abetted by each other, knowingly and with intent to defraud produced, used, and trafficked in at least one counterfeit access device, said offense affecting interstate and foreign commerce, in violation of 18 U.S.C. §§ 1029(a)(1), 1029(c)(1)(A)(I), and 2.

### COUNT THIRTY-FOUR
**(Access Device Fraud)**

40. On or about February 26, 2010, in the Northern District of Georgia, Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, knowingly and with intent to defraud possessed at least fifteen devices which are counterfeit and unauthorized access devices, said offense affecting interstate and foreign commerce, in violation of 18 U.S.C. §§ 1029(a)(3) and 1029(c)(1)(A)(i).

### COUNT THIRTY-FIVE
**(Access Device Fraud)**

41. On or about February 26, 2010, in the Northern District of Georgia, Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS

16

a/k/a LJ, knowingly and with intent to defraud had control and custody of and possessed device-making equipment, that is, equipment, mechanisms, and impressions designed and primarily used for making an access device and a counterfeit access device, said offense affecting interstate and foreign commerce, in violation of 18 U.S.C. §§ 1029(a)(4) and 1029(c)(1)(A)(ii).

### COUNT THIRTY-SIX
### (Access Device Fraud)

42.  From on or about February 27, 2009, through on or about February 26, 2010, in the Northern District of Georgia and elsewhere, Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, knowingly and with intent to defraud effected transactions with at least one access device issued to another person, that is, credit and debit cards including Discover cards, which can be used, alone and in conjunction with another access device, to obtain money, goods, services, and other things of value, and that can be used to initiate a transfer of funds not originated solely by paper instrument, to receive payment and other things of value within a one year period the aggregate value of which was at least $1,000, said offense affecting interstate and foreign commerce, in violation of 18 U.S.C. §§ 1029(a)(5) and 1029(c)(1)(A)(ii).

17

## COUNT THIRTY-SEVEN
### (Aggravated Identity Theft)

43.   From on or about April 19, 2009 through on or about February 26, 2010, in the Northern District of Georgia, Defendant JEAN-DANIEL PERKINS, a/k/a DANIEL MATHEWS a/k/a LJ, aided and abetted by others, during and in relation to the crime of access device fraud in violation of 18 U.S.C. § 1029, as more fully set forth in Counts Thirty-Three through Thirty-Five above, did knowingly transfer, possess, and use, without lawful authority, means of identification of another person, that is, the name of a victim with initials LTE and that victim's corresponding social security number ending in 7566, in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b), 1028A(c)(4), and 2.

### FORFEITURE

Upon conviction of one or more of the bank fraud or access device fraud offenses alleged within this First Superseding Indictment, the Defendant(s) shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2) any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly, as the result of the bank fraud or access device fraud offenses, or conspiracy to commit such offenses, as alleged in this First Superseding Indictment, including, but not limited to a sum of money representing the amount of proceeds obtained as a result of the offense, and,

18

pursuant to Title 18, United States Code, Sections 1029(c)(1)(C) and 1029(c)(2), any property used or intended to be used to commit the access device fraud offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said Defendant(s) up to the value of the forgettable property described above.

A _____ BILL

_____
FOREPERSON

19

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY


KURT R. ERSKINE
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar Number 249953


NICHOLAS A. OLDHAM
ASSISTANT UNITED STATES ATTORNEY
Provisionally Admitted Under
Civil Local Rule 83.1A

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
Telephone 404-581-6000
Facsimile 404-581-6181

20